**Budianto JONG, Petitioner,**

**v.**

**Michael B. MUKASEY,\* Respondent.**

**No. 05–6499–ag.**

United States Court of Appeals,
Second Circuit.

Nov. 20, 2007.

Thomas V. Massucci, New York, NY, for Petitioner.

Claire Workman, Staff Attorney, Office of Immigration Litigation (Nicholas Vassallo, Assistant United States Attorney, Matthew H. Mead, United States Attorney, District of Wyoming, of counsel) Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

Present: Hon. JOSEPH M. McLAUGHLIN, Hon. ROBERT A. KATZMANN, Circuit Judges, and Hon. NICHOLAS G. GARAUFIS, District Judge.\*\*

### SUMMARY ORDER

Petitioner Budianto Jong, a native and citizen of Indonesia of Chinese ethnicity, seeks review of a November 10, 2005 order of the BIA affirming the July 21, 2004 decision of Immigration Judge ("IJ") Roxanne C. Hladylowycz pretermitting Jong's application for asylum and denying his applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Budianto Jong*, No. A96 266 130 (Nov. 10, 2005), *aff'g* No. A 96 266 130 (Immig. Ct. N.Y. City July 21, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales.

\*\* The Honorable Nicholas G. Garaufis, United States District Judge for the Eastern District of New York, sitting by designation.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). We review the agency's factual findings under the substantial evidence standard. *Id.* However, we will vacate and remand for new findings if the agency's reasoning was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir. 2004). Here, Jong does not challenge the IJ's denial of his untimely asylum application. Accordingly, we review only the denial of his applications for withholding of removal and relief under the CAT.

The IJ found that Jong was credible and that his experiences in Indonesia reflected a pattern of "prejudice and harassment" against him as an ethnic Chinese Buddhist but concluded that these incidents did not rise to the level of past persecution. The IJ determined that neither the economic hardships imposed on Jong (by recent government regulations and his apparent need to hire bodyguards) nor the frequent bullying Jong endured by Muslim Indonesian children (some thirty years ago, when he was nine years old) crossed the threshold from harassment to persecution. Because these conclusions rest on a reasonable interpretation of the facts of record, we do not disturb them. But we cannot agree with the IJ's decision to discount similarly the tragic death of Jong's father, who died after being kidnapped by Muslim Indonesians in 1965 because we find that such a determination may have rested, at least in part, on a premise at odds with intervening case law.

Our cases have recognized that as a general matter, harm to an applicant's close family member will not qualify as past persecution. *See Melgar de Torres v.*

*Reno,* 191 F.3d 307, 313 n. 2 (2d Cir.1999). We have carved out an exception to that proposition, however, where the circumstances surrounding the family member's death resulted in a particularly harsh impact on the applicant. *See Jorge–Tzoc v. Gonzales,* 435 F.3d 146, 150 (2d Cir.2006) (per curiam); *see also Tao Jiang v. Gonzales,* 500 F.3d 137, 141–42 (2d Cir.2007) ("Under *Jorge–Tzoc,* the question ... is whether the applicant's cumulative experiences were sufficiently severe as to rise to the level of persecution."). For example, in *Jorge–Tzoc,* we found past persecution where the petitioner was, among other things, "a child at the time of the massacres and thus necessarily dependent on both his family and his community." *Jorge–Tzoc,* 435 F.3d at 150.

Although the IJ understandably did not consider this issue because she did not have the benefit of our decision in *Jorge–Tzoc* and our cases following it, we find that the same exception may well have applied here. At the time of the kidnapping and murder, Jong was a teenager living at home. As in *Jorge–Tzoc,* he may have been so drastically affected by the killing of a parent based on a minority status he shares that the experience amounted to past persecution. *See Tao Jiang,* 500 F.3d at 141 (explaining that the rule in *Jorge–Tzoc* applies where the applicant "shares ... the characteristic that motivated persecutors to harm the family member, ... [was] within the zone of risk when the family member was harmed, and suffered some continuing hardship after the incident"). Although not dispositive, this rule would then have shifted the burden to the Government to rebut the presumption of future persecution. *See* 8 C.F.R. § 1208.16(b)(1).

The IJ's decision, which was handed down after *Melgar de Torres* but before our decision in *Jorge–Tzoc,* engaged in

none of these steps. Starting from the incorrect premise that "there [was] no presumption that the respondent will be subjected to future persecution," the IJ dismissed the claim in conclusory fashion, saying that the "respondent has failed to make [such] a showing." *In re Budianto Jong*, slip op. at 9. As a result, we cannot be certain that the IJ would reach the same decision under the correct legal standard. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 335 (2d Cir.2006).

Remand is therefore the appropriate course. It is, of course, possible that even were the presumption to apply, the Government could nonetheless carry its burden of demonstrating changed circumstances given, *inter alia*, the time that has since passed seemingly without major incident (as well as the fact that Jong's bother and sister still live in Indonesia). But in keeping with our role, we typically do "not affirm based on evidence that may appear in the record but that was not relied on in the IJ's decision because we cannot know how the IJ would have viewed evidence she did not analyze." *Cao He Lin*, 428 F.3d at 400. Accordingly, we must remand this matter to the IJ to determine whether the presumption applies and, if so, whether there is sufficient evidence to overcome the presumption in this case. Because we do this, we do not address the CAT claim.

For the foregoing reasons, the petition for review is **GRANTED**, the BIA's order is **VACATED**, and this case **REMANDED** for further proceedings consistent with this order. Having completed our review, the pending motion for a stay of removal is **DISMISSED** as moot.